# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Scavello,                             :
                          Petitioner        :
                                            :
          v.                                :   No. 742 C.D. 2019
                                            :   Submitted: September 27, 2019
Workers' Compensation Appeal                :
Board (Wal-Mart Associates, Inc.),          :
                          Respondent        :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED:  January 17, 2020**


Petitioner David Scavello (Claimant), *pro se*, petitions for review of an order of the Workers' Compensation Appeal Board (Board), dated May 23, 2019. The Board reversed, in part, and affirmed, in part, an order of a Workers' Compensation Judge (WCJ), denying the termination petition (Termination Petition) filed by Wal-Mart Associates, Inc. (Employer) and the review petition (Review Petition) filed by Claimant.  We now affirm.[1]

---

[1] We note that on September 27, 2019, Claimant filed with this Court a printed excerpt from an unknown website concerning workplace safety, with no letter or application attached.  The excerpt is not part of the certified record in this matter, and, therefore, we did not consider this filing in the disposition of this appeal.  *See Umedman v. Unemployment Comp. Bd. of Review*, 52 A.3d 558, 564 (Pa. Cmwlth. 2012) ("[T]his Court may not consider any evidence that is not

On March 16, 2016, Claimant, while working for Employer, sustained a work-related injury to his right hand/wrist in the nature of a contusion. (Certified Record (C.R.), Item No. 14 at 3.) Employer accepted liability for Claimant's work-related injury by issuing a medical-only notice of compensation payable, which described the accepted work-related injury as a right-hand contusion. (C.R., Item No. 29 at 1.) On August 18, 2016, Employer filed its Termination Petition, alleging that Claimant had fully recovered from his work-related injury as of July 12, 2016. (C.R., Item No. 2.) Thereafter, on September 8, 2016, Claimant filed his Review Petition, seeking to amend the description of his work-related injury to include a "crush injury of the hand and wrist[,] including, but not limited to, [complex regional pain syndrome] [(]CRPS[)]."[2] (C.R., Item No. 5 at 1.)

Claimant testified before the WCJ at a hearing held on December 9, 2016. (C.R., Item No. 20.) At that time, Claimant testified that he injured his right hand/wrist on March 16, 2016, when a shelf that weighed twenty pounds fell onto his right hand/wrist while he was doing inventory for Employer. (*Id*. at 8-9.) Claimant stated that the shelf struck him on his wrist, just below his thumb. (*Id*. at 13.) After sustaining the injury, Claimant missed two days of work but thereafter returned to work as a greeter—a position that did not require lifting. (*Id*. at 9.) Claimant testified that the pain he began to experience in his right hand/wrist following the March 16, 2016 work-related incident has yet to subside. (*Id*.) Claimant described the condition of his right hand as discolored, swollen,

part of the certified record on appeal." (quoting *Pa. Tpk. Comm'n v. Unemployment Comp. Bd. of Review*, 991 A.2d 971, 974 (Pa. Cmwlth. 2009))).

[2] On March 2, 2017, Claimant filed another petition for review and a claim petition related to partial disability and the calculation of his average weekly wage in connection with concurrent employment. As Claimant withdrew his March 2, 2017 claim and review petitions, we do not discuss either petition in this opinion.

painful, and numb, with a "pins and needles" sensation. (*Id*. at 10.) Claimant testified that he began to treat with Gene V. Levinstein, M.D., on his attorney's advice, and that he typically visits Dr. Levinstein once per month. (*Id*. at 14, 21.) Claimant also testified that he takes Motrin and Advil for pain relief, and that Dr. Levinstein administers an injection to his neck on some occasions that takes away the burning sensation in his hand/wrist. (*Id*. at 14, 18, 24.) Claimant indicated that he did not, however, believe that he was getting better. (*Id*. at 25.)

Claimant also presented the deposition testimony of Dr. Levinstein, who is board certified in physical medicine, rehabilitation, and pain management. (C.R., Item No. 23 at 9.) Dr. Levinstein testified that he first examined Claimant concerning Claimant's March 16, 2016 work-related injury on September 9, 2016. (*Id*. at 12.) Dr. Levinstein indicated that prior to that date, Claimant reported that he had been examined by Richard Battista, M.D., a hand surgeon, who diagnosed Claimant with a crush injury of the right wrist and hand and Reflex Sympathetic Dystrophy Syndrome (RSD) or CRPS.[3] (*Id*. at 13-14.) Dr. Levinstein performed a physical exam, which revealed no evidence of discoloration in the right hand/wrist, full range of motion, no changes in the nail or hair pattern, and a negative Finkelstein's test, but some weakness of the right grip. (*Id*. at 14.) Dr. Levinstein testified that his initial diagnosis was mostly consistent with that of Dr. Battista—*i.e.*, Claimant suffered from a crush injury of the right hand, right wrist sequelae, and a sprain of the right wrist—but that he did not initially diagnose Claimant with RSD. (*Id*.) Two weeks after Dr. Levinstein's initial treatment of Claimant, Claimant returned to Dr. Levinstein for a follow-up appointment and, since that time, he has

---

[3] Dr. Battista later discharged Claimant from his care due to his inability to find objective evidence of actionable pathology. (*See* C.R., Item No. 23 at 24-25.)

continued to treat with Dr. Levinstein on a monthly basis. (*Id*. at 15.) On November 15, 2016, after referring Claimant to an orthopedic surgeon for a second opinion, Dr. Levinstein administered an injection, which he described as a stellate ganglion block, to Claimant's neck. (*Id*. at 15, 17.) According to Dr. Levinstein, Claimant responded well to the injection and reported that his pain levels subsided overall and the burning sensation ceased following the injection. (*Id*.)

Dr. Levinstein testified further that he later added an additional diagnosis for Claimant's March 16, 2016 work-related injury—*i.e.*, causology over the right upper limb or CRPS, which is synonymous with RSD of the right hand and wrist. (*Id*. at 18.) Dr. Levinstein explained that the physical evidence of the crush injury, sprain/strain, and contusion had resolved, but the RSD remained, which is why he diagnosed Claimant with sequelae. (*Id*.) When asked if Claimant's condition had improved under his care, Dr. Levinstein answered affirmatively, but he opined that Claimant's prognosis is mixed because Claimant's condition is chronic, and, as such, Claimant requires work restrictions and some assistance at home. (*Id*. at 20-21.) While Dr. Levinstein agreed with Amir Fayyazi, M.D.'s (Employer's independent medical examination doctor) opinion that Claimant had fully recovered from his right hand/wrist contusion, he opined that Claimant continues to suffer from RSD. (*Id*. at 22-23.)

On cross examination, Dr. Levinstein explained that he did not take the temperature of Claimant's right hand or wrist to determine if there was a disparity in the temperature between Claimant's two wrists—which is sometimes a symptom of CRPS—because his physical examination revealed no significant deviation in the temperature between both wrists. (*Id*. at 27.) Dr. Levinstein also testified that he conducted a bone scan on Claimant's right hand/wrist, which came back normal (or

4

negative), but explained that this result did not rule out a diagnosis of CRPS or RSD. (*Id.* at 30-31.) By way of further explanation, Dr. Levinstein testified that Claimant's positive response to the stellate ganglion block can be indicative of CRPS. (*Id.*)

Employer presented the deposition testimony of Dr. Fayyazi, who is board certified in orthopedic surgery but practices mainly in spine surgery. (C.R., Item No. 27 at 9.) Dr. Fayyazi performed an independent medical examination of Claimant with respect to his work-related injury on July 12, 2016. (*Id.* at 18-19.) At that time, Claimant complained of burning and tightness in his wrist and hand, difficulty sleeping, and a pain severity level from 5 out of 10 to 10 out of 10, for which he did not take pain medication. (*Id.* at 22-23.) Dr. Fayyazi performed a physical examination of Claimant's right hand and wrist. (*Id.* at 25-26.) Dr. Fayyazi observed that Claimant's active range of motion was suboptimal. (*Id.* at 27.) Dr. Fayyazi also performed numerous tests on Claimant's right hand/wrist—*i.e.*, a Finkelstein maneuver, Phalen's test, a Tinel sign, and a grind test—all of which revealed normal results. (*Id.*) Dr. Fayyazi also observed that Claimant's right hand/wrist suffered no swelling, no bruising, no edema, and no skin changes. (*Id.* at 28.) Dr. Fayyazi further criticized Claimant's use of a sling and brace for his right arm. (*Id.* at 31-32.) Specifically, Dr. Fayyazi opined that, if Claimant was in fact suffering from CRPS, he should have been experiencing such hyper-sensitivity of the skin that even touching the arm—much less having a brace and sling on the arm—would cause pain. (*Id.*) Overall, Dr. Fayyazi observed that while Claimant complained of significant pain, his physical examination results were normal and none of the complained-of symptoms could be recreated. (*Id.* at 37.) Accordingly, Dr. Fayyazi believed that Claimant exaggerated his level of pain. (*Id.* at 33.)

Based on his independent medical examination, Dr. Fayyazi concluded that Claimant had fully recovered from a contusion injury to the right hand/wrist. (*Id*. at 43.) Dr. Fayyazi also stated that he would not place any restrictions on Claimant's right hand/wrist and that Claimant is able to return to his pre-injury employment. (*Id*. at 55.) With respect to Dr. Levinstein's CRPS diagnosis, Dr. Fayyazi opined that a positive reaction to the stellate ganglion injection is not enough to diagnose a patient with CRPS, especially in light of the absence of any physical symptoms that usually accompany a diagnosis of CRPS. (*Id*. at 57-59.) Dr. Fayyazi clarified that Claimant had suffered from a contusion to his right hand/wrist but opined that, because the injury was minor, it would have healed in approximately four to six weeks. (*Id*. at 64.) Dr. Fayyazi further opined that Claimant required no further treatment for his right hand or wrist. (*Id*. at 62.)

By decision and order issued January 9, 2018, the WCJ denied Employer's Termination Petition and Claimant's Review Petition. In so doing, the WCJ summarized the witnesses' testimony and made the following credibility determinations:

> 10. This Judge has considered the opinions of Drs. Levinstein and Fayyazi. Both of these doctors are credible in part and not credible in part. This Judge rejects Dr. Levinstein's opinion that the Claimant is suffering from RSD or CRPS. It is noted by this Judge and admitted by Dr. Levinstein that the Claimant does not have most of the symptoms that are associated with this condition. For this reason, Dr. Levinstein's opinion that the Claimant suffers from RSD is rejected. The opinion of Dr. Fayyazi that the Claimant does not have this condition is accepted. The opinion that Dr. Fayyazi expresses that the Claimant is exaggerating his pain is found to be credible because it is consistent with this Judge's personal observation of the Claimant. However, this Judge does not accept Dr. Fayyazi's opinion that the Claimant is fully recovered from his right wrist sprain. It is noted by this Judge that

6

Dr. Fayyazi saw the Claimant on July 12, 2016 which is only four (4) months after Claimant's work-injury. This Judge finds that if the Claimant had sustained a severe contusion to his right-hand he could still be symptomatic as of that date. For this reason, Dr. Fayyazi's opinion that the Claimant was asymptomatic is rejected. In rejecting the opinions of Dr. Levinstein, it is noted that Dr. Levinstein did not see the Claimant until after the Termination Petition was filed and after the Claimant was discharged by Dr. Battista, who is a hand surgeon.

(WCJ Decision at 6-7.) Based on these credibility determinations, the WCJ concluded: (1) with respect to the Termination Petition, Employer failed to prove that Claimant had fully recovered from his March 16, 2016 work-related injury as of July 12, 2016; and (2) with respect to the Review Petition, Claimant failed to prove that he suffers from work-related CRPS. Employer appealed the WCJ's decision to the Board. The Board reversed the WCJ's decision to the extent that it denied Employer's Termination Petition and affirmed the WCJ's decision in all other respects. In reversing the WCJ's denial of Employer's Termination Petition, the Board noted that the credible medical evidence supported a finding that Claimant had fully recovery from his right hand contusion as of September 9, 2016.

On appeal,[4] Claimant argues that the Board erred in concluding that substantial evidence did not exist to support the WCJ's finding that Claimant had not fully recovered from his work-related injury.[5] Claimant also argues that, because

---

[4] Our review is limited to determining whether the agency committed an error of law, whether necessary findings of fact are supported by substantial evidence, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

[5] Claimant appears to suggest that the WCJ erred by denying his Review Petition. Claimant, however, did not appeal the WCJ's denial of his Review Petition to the Board. Given that Employer's Termination Petition was the sole petition before the Board, our review is limited to the Board's disposition of that appeal.

7

he had not fully recovered from his work-related injury, the Board erred in reversing the WCJ's denial of Employer's Termination Petition.

At the outset, we note that it is well settled that the WCJ is the sole arbiter of credibility and evidentiary weight. *Womack v. Workers' Comp. Appeal Bd. (Sch. Dist. of Phila.)*, 83 A.3d 1139, 1154 (Pa. Cmwlth.), *appeal denied*, 94 A.3d 1011 (Pa. 2014). In determining whether the WCJ's findings are supported by substantial evidence, we may not reweigh the evidence or the credibility of the witnesses but must simply determine whether the WCJ's findings have the requisite measure of support in the record as a whole. *Elk Mountain Ski Resort, Inc. v. Workers' Comp. Appeal Bd. (Tietz, deceased)*, 114 A.3d 27, 32 n.5 (Pa. Cmwlth. 2015). It is irrelevant whether there is evidence to support a contrary finding; if substantial evidence supports the WCJ's necessary findings, we may not disturb those findings on appeal. *Williams v. Workers' Comp. Appeal Bd. (USX Corp.-Fairless Works)*, 862 A.2d 137, 143-44 (Pa. Cmwlth. 2004).

Here, Claimant contends that the Board erred in concluding that substantial evidence did not exist to support the WCJ's finding that Claimant had not fully recovered from his work-related injury. Claimant's argument, however, fails to appreciate that this Court is not considering whether Claimant had fully recovered from his alleged CRPS. As indicated previously, Claimant did not appeal the WCJ's denial of his Review Petition—*i.e.*, Claimant's attempt to amend his injury description to include work-related CRPS—to the Board. As a result, this Court is solely considering whether the WCJ's finding that Claimant had not fully recovered from the accepted work-related injury—*i.e.*, the right hand/wrist contusion—is supported by substantial evidence of record. On this issue, the uncontradicted medical evidence of record establishes that Claimant had fully

recovered from his work-related injury. Dr. Fayyazi testified that Claimant had fully recovered from his right hand/wrist contusion as of July 12, 2016, and Dr. Levinstein agreed with Dr. Fayyazi's conclusion. The WCJ rejected Dr. Fayyazi's testimony, noting that "Dr. Fayyazi saw the Claimant . . . only four [] months after Claimant's work-[related] injury. . . . [I]f the Claimant had sustained a severe contusion to his right hand he could still be symptomatic as of that date." (WCJ's Decision at 7.) The WCJ's stated reasons for rejecting Dr. Fayyazi's testimony, however, appear to be based on his own beliefs regarding Claimant's condition that are unsupported by the evidentiary record. In addition, the WCJ did not reject Dr. Levinstein's testimony with respect to the accepted work-related right hand/wrist contusion. For these reasons, the Board properly concluded that the WCJ's finding that Claimant had not fully recovered from his work-related injury was not supported by substantial evidence of record. Accordingly, the Board did not err in reversing the WCJ's denial of Employer's Termination Petition.

Based on our discussion above, we affirm the Board's order.

P. KEVIN BROBSON, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Scavello,                                    :
                 Petitioner    :
                                               :
      v.                               :  No. 742 C.D. 2019
                                               :
Workers' Compensation Appeal                       :
Board (Wal-Mart Associates, Inc.),                 :
              Respondent   :

## **O R D E R**

AND NOW, this 17th day of January, 2020, the order of the Workers' Compensation Appeal Board dated May 23, 2019, is hereby AFFIRMED.

 

                                    _____
                                    P. KEVIN BROBSON, Judge